UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WARREN B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:19-CV-6065-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she improperly discounted Dr. Alysa Ruddell's opinion. As the ALJ's error is not harmless this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On November 7, 2013, Plaintiff filed an application for DIB, alleging disability as of January 6, 2012. *See* Dkt. 11, Administrative Record ("AR") 12. The application was denied upon initial administrative review and on reconsideration. *See* AR 12. Hearings were held before ALJ Marilyn S. Mauer on October 14, 2015 and on December 22, 2015. *See* AR 35, 48. In a decision dated January 4, 2016, ALJ Mauer determined Plaintiff to be not disabled. *See* AR 28. Plaintiff appealed the decision, and on October 19, 2016, the United States District Court for the Western District of Washington reversed and remanded the case for further proceedings. *See* AR 1455. After the matter was reversed and remanded, three hearings took place. The first was before ALJ S. Andrew Grace on April 9, 2018. *See* AR 1293. The second and third were before ALJ Caroline Siderius on November 2, 2018, and November 14, 2018. *See* AR 1343, 1396. On December 20, 2018, ALJ Siderius found Plaintiff not disabled.[1] *See* AR 1281. The ALJ's December 20, 2018 decision is the final decision of the Commissioner, which Plaintiff now appeals. *See* 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) discounting the Veterans Affairs disability rating ("VA Rating"); (2) evaluating medical opinions from Dr. Ruddell and ARNP Terri Dupper Knoper; and (3) basing her Step Five findings on less than substantial evidence. Dkt. 13.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

---

[1] Any reference to "the ALJ" or "the ALJ's decision" in this Order refers to ALJ Siderius and her December 20, 2018 decision.

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.     Whether the ALJ properly considered the VA Rating.**

Plaintiff asserts the ALJ failed to give due consideration to the VA Rating that Plaintiff was 80% disabled. Dkt. 13, pp. 5-7.

A determination by the VA about whether a claimant is disabled is not binding on the Social Security Administration ("SSA"); however, an ALJ must consider the VA's determination in reaching her decision. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002); 20 C.F.R. § 404.1504. Further, the ALJ "must ordinarily give great weight to a VA determination of disability." *McCartey*, 298 F.3d at 1076. This is because of "the marked similarity" between the two federal disability programs. *See id.* (describing similarities in the programs). But "[b]ecause the VA and SSA criteria for determining disability are not identical," the ALJ "may give less weight to a VA disability rating if [s]he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.* (citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001).

On October 18, 2013, the VA issued the VA Rating where it found, in relevant part, Plaintiff's ADHD, primary insomnia, and ankle issues resulted in an 80% disability rating, with 70% attributed to Plaintiff's mental impairments and 10% attributed to Plaintiff's physical impairments.[2] AR 149-150. The VA found Plaintiff's mental impairments resulted in 70%

---

[2] Plaintiff did not meaningfully challenge the ALJ's treatment of the VA's consideration of Plaintiff's physical impairments. *See* Dkt. 13, pp. 5-7. Accordingly, the Court will not address on the VA's consideration of Plaintiff's physical impairments. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2007) (citation omitted) (the court will not consider an issue that a plaintiff fails to argue "with any specificity in his briefing").

1 disability because Plaintiff had: difficulty in adapting to work; near continuous panic affecting
2 the ability to function independently, appropriately, and effectively; difficulty in adapting to
3 stressful circumstances; near continuous depression affecting the ability to function
4 independently, appropriately, and effectively; difficulty in adapting to a work-like setting;
5 occupational and social impairment, with deficiencies in most areas, such as work, school,
6 family relations, judgment, thinking, or mood; disturbances of motivation and mood; difficulty in
7 establishing and maintaining effective work and social relationships; impairment of short and
8 long term memory; impaired judgment; forgetting to complete tasks; retention of only highly
9 learned material; and chronic sleep impairment, anxiety, and suspiciousness. AR 151-152.

10       The ALJ discounted the VA Rating because it is unsupported by the VA's records and is
11 inconsistent with the medical evidence. *See* AR 1276. An ALJ may properly discount a VA
12 rating "based on inconsistency with other medical records" that do not support the rating. *Cassell*
13 *v. Berryhill*, 706 Fed.Appx. 430, 432 (9th Cir. 2017); *Berry v. Astrue*, 622 F.3d 1228, 1236 (9th
14 Cir. 2010). Further, an ALJ may properly discount a VA rating by identifying inconsistencies in
15 the VA's own medical evidence. *See Rys v. Berryhill*, 2018 WL 507207 at *16 (C.D. Cal. Jan.
16 19, 2018) (quoting *Orsborn v. Astrue*, WL 6018043 at 2 (D. Mont. Dec. 3, 2012) (finding that
17 the ALJ "'adequately considered and rejected [VA] rating' because he identified inconsistencies
18 in 'VA's own medical evidence…'").

19       Here, the ALJ cited to multiple mental status examinations ("MSEs") that show
20 Plaintiff's providers generally observed mild to moderate findings with occasional evidence of
21 constricted affect or mild anxiety. *See* AR 1276, citing AR 422, 434, 443, 464, 498, 519, 534,
22 542, 671, 678, 682, 686, 689-690, 693, 699, 702-703, 713-714, 723-724, 736-737, 2096-2097,
23 2101-2102, 2113, 2132-2133, 2138. The ALJ highlighted how Dr. David Glassmire, the
24

impartial medical expert who testified at the November 2, 2018 hearing, opined that these examinations were inconsistent with the VA Rating. AR 1276. Further, the ALJ emphasized Plaintiff "generally noted the stress of caring for his disabled wife over symptoms from his own impairments, often reporting he was stable on medication." AR 1276, citing AR 954 (Plaintiff reported "that he was doing well" and "also relates that his wife's severe illness causes him depression and anxiety"). Additionally, the ALJ noted Plaintiff's treating psychiatrist with the VA "refused to endorse disability for [Plaintiff], noting that his own reports to her had been inconsistent with such a finding." AR 1276, citing AR 954 (Plaintiff's psychiatrist stating that she "can write a letter to affirm his diagnosis[,] but cannot complete his forms that asks for initial dates of 'partial or total disability'").

      Plaintiff argues the ALJ interpreted the medical evidence and was not qualified to do so because she is not a medical professional. *See* Dkt. 15, p. 4. Plaintiff relies on Ninth Circuit precedent which establishes that "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'" *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). But Plaintiff's reliance on *Orn* is misplaced. The Ninth Circuit permits an ALJ to consider a plaintiff's medical records when determining how much weight to afford a VA rating. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009). Here, the ALJ did not inappropriately interpret the MSEs; she merely considered Plaintiff's medical records and noted the MSEs contain findings that conflict with the overall VA Rating and the medical evidence of record.

For the above stated reasons, the Court finds the ALJ showed the VA Rating is inconsistent with the VA records and the medical evidence of record, and thus provided persuasive, specific, valid reasons supported by the record for discounting the VA rating.

**II.     Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff maintains the ALJ improperly discounted the opinions of Dr. Ruddell and Ms. Knoper. Dkt. 13, pp. 7-9.

A.  <u>Dr. Ruddell</u>

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Ruddell examined Plaintiff for the Washington State Department of Social and Health Services on August 12, 2013. AR 355-364. Dr. Ruddell opined Plaintiff had a marked limitation in learning new tasks. AR 356. She found Plaintiff had several moderate limitations, including the ability to complete a work day/week without symptoms from psychologically based symptoms and in communicating and performing effectively at work. AR 356. After

conducting an MSE, Dr. Ruddell found all categories of Plaintiff's mental functioning were within normal limits except for paranoid content of thought, recent impaired memory, and an impairment in Plaintiff's abstract thinking. AR 358. Dr. Ruddell diagnosed Plaintiff with lumbar degenerative arthritis, depression/anxiety, and ankle degenerative arthritis and opined Plaintiff is limited to light work. AR 361.

The ALJ gave Dr. Ruddell's opinion little weight for four reasons:

> (1) Dr. Ruddell's many moderate and marked limitations are unsupported by her relatively benign mental status examination. (2) A marked limitation in learning new tasks is inconsistent with the claimant's Average to High Average scores on the WAIS-IV. (3) Moreover, Dr. Ruddell's opinion is inconsistent with the numerous mental status examinations of record, which document no more than moderate symptoms. (4) Finally, while she noted a significant issue related to the claimant's effort, she did not address that issue.

AR 1276 (citations omitted) (numbering added).

First, the ALJ discounted Dr. Ruddell's opinion because it is not supported by the MSE she conducted. AR 1276. "A physician's opinion can be discredited based on contradictions between the opinion and the physician's own notes." *Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017). However, "an ALJ errs when [s]he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, … criticizing it with boilerplate language that fails to offer a substantive basis for [her] conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-1013 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.1996)).

Here, the ALJ failed to explain how or what results contained in the MSE conflicted with Dr. Ruddell's opined limitations. *See* AR 1276; *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed"); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775

1  F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order

2  for us to meaningfully determine whether the ALJ's conclusions were supported by substantial

3  evidence"). Further, the MSE contained abnormal results, which support Dr. Ruddell's findings.

4  For example, Dr. Ruddell noted Plaintiff's content of thought was paranoid, his recent memory

5  was impaired, and his abstract thinking was impaired. AR 358. The ALJ failed to explain how

6  these findings are inconsistent with Dr. Ruddell's opinion. Consequently, the ALJ's finding that

7  Dr. Ruddell's opinion is unsupported by the MSE is conclusory. *See Garrison*, 759 F.3d at

8  1012-1113 ("an ALJ errs when [s]he rejects a medical opinion or assigns it little weight while

9  doing nothing more than . . . criticizing it with boilerplate language that fails to offer a

10 substantive basis for [her] conclusion"). Accordingly, the ALJ's first reason for discounting

11 Dr. Ruddell's opinion is not specific and legitimate and supported by substantial evidence.

12         Second, the ALJ discounted Dr. Ruddell's opinion because the marked limitation in

13 learning new tasks she assessed is inconsistent with Plaintiff's performance on the Wechsler

14 Adult Intelligence Scale, Fourth Edition ("WAIS-IV"), which the ALJ discussed elsewhere in

15 her decision. *See* AR 1275, 1276. The ALJ is permitted to discount a doctor's opinion if there

16 are conflicts between the opinion and the doctor's own notes. *Buck*, 869 F.3d at 1050. Here, the

17 ALJ properly discounted Dr. Ruddell's opinion that Plaintiff has a marked limitation in learning

18 new tasks by pointing to Plaintiff's average to high average scores on the WAIS-IV. AR 1276.

19 *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (citation omitted) (generally, an ALJ

20 may discount an opinion if it is "inadequately supported by clinical findings"); *Batson v.*

21 *Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (citation omitted) (an ALJ

22 may discount an opinion which is inadequately supported "by the record as a whole"). But the

23 ALJ failed to explain how Plaintiff's scores on the WAIS-IV are inconsistent with the moderate

24

limitations Dr. Ruddell assessed. Without an adequate explanation to support the alleged inconsistency, the Court cannot determine if the inconsistency is a valid reason to discredit Dr. Ruddell's opinion regarding Plaintiff's moderate limitations. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). Thus, the ALJ's second reason for discounting Dr. Ruddell's opinion as to the moderate limitations is not specific and legitimate and supported by substantial evidence. *See Treichler*, 775 F.3d at 1103.

Third, the ALJ discounted Dr. Ruddell's opinion because it is inconsistent "with the numerous [MSEs] of record, which document no more than moderate symptoms." AR 1276. Here, the ALJ failed to explain how the MSEs of record showing "no more than moderate symptoms" conflict with the moderate limitations Dr. Ruddell assessed. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review"). By contrast, the "moderate symptoms" may support and be consistent with the moderate limitations Dr. Ruddell assessed. Again, without an adequate explanation to support the alleged inconsistency, the Court cannot determine if the inconsistency is a valid reason to discredit Dr. Ruddell's opinion. *See Blakes*, 331 F.3d at 569. Accordingly, the ALJ's third reason for discounting Dr. Ruddell's opinion is not specific and legitimate and supported by substantial evidence.

Fourth, the ALJ discounted Dr. Ruddell's opinion because she had concerns about Plaintiff's effort regarding testing on examination. AR 1276. An ALJ may reject a medical opinion if the source of the opinion observes that test performance is invalid. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). Here, the ALJ correctly notes Dr. Ruddell had "concerns about effort." AR 1276, referencing AR 358. However, Dr. Ruddell did not find Plaintiff was malingering or that Plaintiff's effort invalidated the test results. Instead, Dr. Ruddell

opined to several moderate limitations despite her concerns over Plaintiff's effort during testing. Further, there is no evidence Dr. Ruddell considered her concern regarding Plaintiff's effort during testing a "significant issue" as the ALJ stated. *Compare* AR 1276 to AR 358. Therefore, the ALJ's fourth reason for discounting Dr. Ruddell's opinion is not specific and legitimate and supported by substantial evidence.

For the above stated reasons, the Court finds the ALJ failed to provide specific, legitimate reasons supported by substantial evidence for discounting Dr. Ruddell's opinion. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Here, Defendant argues "the ALJ ultimately accounted for [Plaintiff's] moderate mental limitations in his residual functional capacity ["RFC"]." Dkt. 14, p. 8. In support, Defendant cites Ninth Circuit precedent holding that a claimant with moderate impairments in a specific area can still function in that area. *See Hoopai v. Astrue*, 499 F.3d 1071, 1076-1077 (9th Cir. 2007). However, this does not resolve the ALJ's duty to include all of Plaintiff's opined limitations in the RFC and the hypothetical question posed to the Vocational Expert ("VE"), including moderate limitations. *See* 20 C.F.R. §§ 404.1545, 416.945; *Magallanes v. Bowen,* 881 F.2d 747, 756 (9th

Cir.1989); *Lubin v. Comm'r. Soc. Sec.,* 507 Fed. App'x. 709, 712 (9th. Cir. 2013). Had the ALJ properly considered Dr. Ruddell's opinion, the RFC may have included additional limitations. For example, Dr. Ruddell opined Plaintiff had a moderate limitation in completing a work day/week without symptoms from psychologically based symptoms. AR 356. In contrast, the RFC does not include any limitations on Plaintiff's absenteeism. *See* AR 1272. Thus, if Dr. Ruddell's opinion was given great weight and additional limitations were included in the RFC and in the hypothetical questions posed to the VE, the ultimate disability determination may have changed. Accordingly, the ALJ's errors are not harmless and require reversal. The ALJ is directed to reassess Dr. Ruddell's opinion on remand.

B. <u>Ms. Knoper</u>

Plaintiff asserts the ALJ improperly dismissed Ms. Knoper's opinion. Dkt. 13, pp. 8-9.

"Other medical source" testimony "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). "Further, the reasons 'germane to each witness' must be specific." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009).

Ms. Knoper, an Advanced Registered Nurse Practitioner, performed a mental functional assessment of Plaintiff in December 2015. AR 831-834. Ms. Knoper opined Plaintiff had marked limitations in understanding, remembering, and carrying out complex instructions. AR 831. She found Plaintiff had moderate limitations in understanding and remembering simple instructions, making judgments on simple work-related decisions, interacting appropriately with supervisors and co-workers, and responding appropriately to usual work situations and to changes in a

routine work setting. AR 831-832. She based her opinion on Plaintiff's diagnosis of anxiety. AR 831.

The ALJ gave Ms. Knoper's opinion little weight for three reasons:

> (1) Ms. Knaper's [sic] opinion is not supported by the claimant's statements to her for the purpose of treatment. (2) Her opinion is also unsupported by the VA findings of minimal impairment on mental status examination. These observations trace a significant longitudinal period during which the claimant's presentation was entirely inconsistent with Ms. Knaper's [sic] opinion. (3) Her opinion is unsupported by her own treatment notes and is inconsistent with the remaining medical evidence of record, and is entitled to little weight.

AR 1277-1278 (citations omitted) (numbering added).

As discussed below, the Court finds the ALJ's second reason for discounting Ms. Knoper's opinion is germane. While the ALJ had two additional reasons to discount Ms. Knoper's opinion, the Court need not consider whether these reasons contained error, as any error would be harmless because the ALJ gave a germane reason to discount the opinion. *See* AR 1278; *Presley-Carrillo v. Berryhill*, 692 F. Appx. 941, 944-945 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (noting that although an ALJ erred with regard to one reason he gave to discount a medical source, "this error was harmless because the ALJ gave a reason supported by the record" to discount the source).

The ALJ discounted Ms. Knoper's opinion because it is "unsupported by the VA findings of minimal impairment on mental status examination" and showed an inconsistency with the longitudinal record. AR 1277-1278. An ALJ need not accept a medical opinion if it is inadequately supported "by the record as a whole." *See Batson*, 359 F.3d at 1195. Here, the ALJ cited to multiple MSEs in the longitudinal record showing that although Plaintiff had anxiety and depression, he often had intact thinking and normal behavior. *See* AR 1277-1278, citing AR 671,

678, 682, 686, 689-690, 693, 699, 702-703, 2096-2067, 2101-2102, 2113, 2132-2133, 2138. These reports of intact thinking and normal behavior conflict with Ms. Knoper's opined moderate and marked limitations regarding Plaintiff's mental health limitations. Therefore, as the ALJ has shown Ms. Knoper's opinion is inconsistent with the longitudinal record, the ALJ's second reason for discounting Ms. Knoper's opinion is germane. Accordingly, the ALJ properly discounted Ms. Knoper's opinion.[3]

### III. Whether the ALJ's findings at Step Five are supported by substantial evidence.

Plaintiff maintains that in light of the ALJ's errors, the Step Five findings were not supported by substantial evidence. Dkt. 13, pp. 9-11. The Court concluded the ALJ committed harmful error when she failed to properly consider Dr. Ruddell's opinion and must reconsider it on remand. Accordingly, the ALJ must also reassess the RFC on remand. *See* SSR 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine*, 574 F.3d 685 at 690 ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, she must also reevaluate the findings at Step Five to determine whether there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the RFC. *See Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider two doctors' findings).

---

[3] Plaintiff also finds it "noteworthy" that ALJ Mauer gave Ms. Knoper's opinion great weight in the first decision. *See* Dkt. 13, p. 9; AR 23. The first decision has "no binding effect" on the most recent decision, however, because the Appeals Council vacated the decision and ordered the ALJ to issue a new decision pursuant to the previous Order from this Court. *See* AR 1455, 1470; *see also Cindy Lou W. v. Comm'r Soc. Sec.*, No. 18-1174, 2019 WL 2084488, at *2 (W.D. Wash. May 13, 2019) (finding that the prior vacated decision "had no binding effect on the [subsequent] decision").

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 19th day of June, 2020.

David W. Christel
United States Magistrate Judge